121 So.2d 722

**Mrs. Winnie DAVIS, widow of Robert M. WOODS, Sr., et al.**

v.

**DAVIS–WOOD LUMBER COMPANY.**

No. 43693.

June 29, 1960.

Philip E. Pfeffer, Covington, L. Barbee Ponder, Jr., Amite, for appellant.

Jorda S. Derbes, Henry O'Connor, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

From the date of its incorporation in 1914 until March, 1949, the Davis-Wood Lumber Company, a Louisiana corporation with its legal domicile in Lacombe of St. Tammany Parish, had as its officers, directors and stockholders only three persons. And each of them during that period directed and operated a separate division or branch of the business, as though it was his own, as follows: William H. Davis, President, a lumber yard in Lacombe; John J. Davis, Vice President, a saw mill in St. Tammany Parish (outside of Lacombe); and Robert M. Wood, Sr., Secretary Treasurer and a brother-in-law of the Davises, a lumber yard in Jefferson Parish.

During the years 1946 and 1947 the last named officer entered on the books of his Jefferson Parish division, as credits for himself, certain salary bonuses totaling $12,000. Of this amount he later withdrew $4,000.

Robert M. Wood, Sr. (sometimes hereinafter he will be referred to as decedent) died March 19, 1949. Subsequently, his widow and five children were, in an intestate succession proceeding, sent into possession of his entire estate, including: "A credit on the books of the Davis-Wood Lumber Company of Lacombe, Louisiana, showing a bonus receivable for the sum of $8,000."

When the Davis-Wood Lumber Company refused later to recognize and satisfy such credit decedent's widow and heirs instituted this suit to recover it. As a basis for the demand they alleged " *  *  * that said bonus of Eight Thousand ($8,000.00) Dollars was awarded by the defendant corporation to the said Robert M. Wood, Sr. for the years 1946 and 1947, with the knowledge, consent and approval of all of the then stockholders of the corporation and shows on the books of the corporation as of March 31, 1949, as a credit to the said Robert M. Wood, Sr., although said amount has never been paid to your petitioners by the said corporation despite amicable demand."

In answering the petition the defendant did not plead fraud on the part of the decedent or urge any other special defense. It merely entered a general denial to plaintiffs' allegations.

After trial the district judge concluded that the salary bonuses listed as credits to the decedent on the books of the Jefferson Parish division of the defendant corporation were entered with the approval of all of the directors and stockholders. Accordingly, he rendered judgment in favor of plaintiffs as prayed for.

From the judgment the defendant is appealing.

The sole issue presented by the litigation is one of fact. And in concluding as he did the trial judge, in our opinion, did not manifestly err.

While the two Davises testified that they knew nothing about the bonuses until after Wood's death (in keeping with their position in this litigation that payment thereof was not approved by them) their testimony is contradicted by that of witnesses for the plaintiffs. Also there are circumstances disclosed by the record, as well as documentary evidence contained therein, which support the district court's conclusion that approval of payment by those officials did exist.

Thus, from the corporation's inception there was never any complete unity among the three separate divisions. Each had its own bank account which was controlled by the officer in charge thereof; no corporate funds were transferred among the three branches; no dividends were ever paid by the corporation; and an officer in charge of one division at no time attempted to interfere with the operation of another. The few meetings held by the board of directors during the company's many years of existence were only those required for making loans and selling and buying real estate. For the particular division which he directed an officer made all purchases, employed and dismissed needed personnel and paid their salaries, and granted employee bonuses at his discretion. Salaries of the respective officers, it appears, were occasionally increased without any authority therefor having been formally granted by the board of directors. All of which circumstances indicate that it was agreed among the three stockholders-directors-officers that each should have complete control of his branch of the business and should dispose of its earnings according to his own dictates.

The only regular unit action by the corporation seems to have been the filing of its annual income tax returns, these having been prepared by its Vice President John J. Davis from the records of his branch and from information furnished by the other officers. Each officer, however, paid a part of the total tax due proportionate to the earnings of his division.

In this connection federal income tax returns of the corporation were so prepared and filed for the years 1946 and 1947 in which the bonuses in question were listed as being due and deductions therefor were taken. Later it was discovered that such bonuses had not been timely paid so as to justify the taking of the deductions. As a consequence an amended return, signed by William H. Davis and John J. Davis, was filed in August, 1949, it listing the bonuses and providing a basis for payment of the taxes due thereon.

It is true that the amended return made reference to the listed bonuses as "Unauthorized Bonus Acts". However, the return also stated: "Figures subject to book entries to be made as per attached letter". And the mentioned attached letter recited: " * * * nor has the corporation been financially able to pay the bonuses without embarrassing the credit of the corporation. The bonuses were predicated on earnings now known to be inflation of inventory values, and not real gains that can be paid out without reducing physical inventories. It is advised that, under the law, the execution, and acceptance, and payment, of the bonuses now would effect a fraud against the United States government." Clearly this recitation militates against the position of the defendant corporation that the bonuses were not due and payable for the reason that its board of directors failed to approve them.

Therefore, we are unable to disagree with the trial judge's conclusion that Robert M. Wood, Sr. was officially authorized to grant the salary bonuses for himself and that the balance thereof in the amount of $8,000 is due and payable by the corporation.

For the reasons assigned the judgment appealed from is affirmed.

HAWTHORNE, J., absent.

VIOSCA, J., recused.